UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATHANIEL JAMAR HUDSON,

        Petitioner,               Case No. 1:07-cv-255

v.                                    Honorable Gordon J. Quist

PATRICIA CARUSO,

        Respondent.
_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, I recommend that the petition be dismissed because Petitioner has failed to exhaust his available state-court remedies as to all claims raised in the petition.

**Discussion**

I. Factual allegations

Petitioner is currently incarcerated at the Bellamy Creek Correctional Facility. According to Petitioner's application, he has been convicted of six separate major misconducts. In his first six claims, Petitioner seeks to have those convictions reversed, restoration of his good-time credits and compensation for wages lost due to those convictions. (Pet. at 13, docket #1.) In a seventh claim, Petitioner asserts that he was wrongfully classified at a Level IV security level. (*Id.* at 10-11.) Petitioner also seeks to be reclassified at a Level II security level. *Id.*

II.  Failure to exhaust available state-court remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971) (cited by *Duncan v. Henry*, 513 U.S. 364, 365 (1995) and *Anderson v. Harless*, 459 U.S. 4, 6 (1982)). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. The district court can and must raise the exhaustion issue

*sua sponte*, when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen v. Perini*, 424 F.2d 134, 138-9.

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Petitioner incorrectly asserts that exhaustion is an affirmative defense to a petition brought pursuant to § 2254.[1] (Pet. at 2.) This Court ordered Plaintiff to show cause why this case should not be dismissed without prejudice for failure to demonstrate exhaustion of state-court remedies. (Order, docket #6.) Plaintiff's Response attaches denials of his rehearing request for Counts 3, 4, and 5. (Resp., Ex. B, docket #7.) His response states that he sought rehearing of his other claims, but is unable to provide documentation of those rehearings because his request for copies of the reports was denied. (Resp. at 1.) Importantly, however, Plaintiff states that he "has not pursued any state judicial remedies, i.e. judicial review, or habeas, as he cannot due to a state filing fee impediment." (*Id.*) In support, Plaintiff attaches an order issued by the Michigan Court of Appeals on June 21, 2006, in the case of *Hudson v. Ingham Circuit Judge*. The order requires Plaintiff to pay "the initial partial filing fee of $26.00." (*Id.*, Ex. C.) There is no indication whether the Order relates to any of the misconduct convictions raised in this case. Moreover, Plaintiff submits no evidence of his financial status to show that he is unable to pay the filing fee.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c).

---

[1] In *Jones v. Bock,* __ U.S. __, 127 S. Ct. 910 (2007), the United States Supreme Court held that in a § 1983 action an inmate's failure to exhaust administrative remedies was an affirmative defense which could be asserted by the defendants. However, *Jones* did not extend that holding to habeas petitions brought pursuant to § 2254. This matter is a habeas petition, and, therefore, Petitioner must demonstrate that he has appropriately exhausted his state court remedies.

Petitioner has at least one available procedure by which to raise the unexhausted issues he has presented in this application. He may file an appeal with the Michigan courts. Therefore, the Court concludes that he has at least one available state remedy.

### **Recommended Disposition**

For the foregoing reasons, I recommend that the habeas corpus petition be summarily dismissed pursuant to Rule 4 because Petitioner has failed to exhaust his available state-court remedies as to all claims raised in the petition. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).

Dated: August 2, 2007                              /s/ Hugh W. Brenneman, Jr.
                                                   HUGH W. BRENNEMAN, JR.
                                                   United States Magistrate Judge

### **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).